# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

STEPHEN B. BOWEN,

        Plaintiff,

v.

Case No. 6:21-cv-201-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

## OPINION AND ORDER[1]

### I.   Status

Stephen B. Bowen ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "end stage joint disease bilateral knees," "persistent severe joint pain," "rheumatoid arthritis," "depression," "anxiety," "headaches," "PTSD," "poor short term memory," and "difficult[y] stand[ing] and walk[ing]." Transcript of Administrative Proceedings (Doc. No. 20; "Tr." or "administrative transcript"), filed October 4, 2021, at 56, 71, 261. Plaintiff filed an application for DIB on

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 21), filed October 4, 2021; Reference Order (Doc. No. 22), entered October 5, 2021.

March 15, 2018, alleging a disability onset date of July 15, 2017.[2] Tr. at 225-27, 228-35. The application was denied initially, Tr. at 55-68, 69, 110-12, 113, and upon reconsideration, Tr. at 70-85, 86, 115-20, 121.

On July 1, 2020, an Administrative Law Judge ("ALJ") held a hearing via telephone[3] during which Plaintiff, represented by counsel, and a vocational expert ("VE") testified. Tr. at 7-42. At the time, Plaintiff was forty-six (46) years old. See Tr. at 11 (stating Plaintiff's date of birth). On July 13, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 90-102.[4]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 221-24 (request for review). On December 8, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On January 29, 2021, Plaintiff commenced this action

---

[2] One of the summaries in the administrative transcript indicates Plaintiff actually filed on March 16, 2018. See Tr. at 228. The protective filing date for the application is listed elsewhere in the administrative transcript as March 15, 2018. See, e.g., Tr. at 56, 71, 225.

[3] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the COVID-19 pandemic. See Tr. at 9, 90.

[4] The administrative transcript also contains an ALJ decision dated October 30, 2017 that adjudicated a prior-filed application. Tr. at 48-54. The October 2017 decision is not at issue here.

through counsel under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges "[w]hether the ALJ properly evaluated the medical opinions of record based on an adequate rationale and substantial evidence when determining Plaintiff's residual functional capacity [('RFC')] for sedentary work." Joint Memorandum (Doc. No. 31; "Joint Memo"), filed March 8, 2022, at 22; see also Plaintiff's Supplemental Memorandum in Reply (Doc. No. 33; "Reply"), filed March 21, 2022. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the medical opinion evidence.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 92-101. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since July 15, 2017, the alleged onset date." Tr. at 92 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: bilateral knee osteoarthritis s/p surgery, inflammatory polyarthropathy, cervical spine degenerative disc disease, lumbar spine degenerative disc disease, bilateral lateral epicondylitis, coronary artery disease (CAD)/myocardial infarction s/p stent, hypertensive heart disease/essential hypertension, obesity, and epilepsy." Tr. at 92 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 94 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except he can occasionally balance on uneven surfaces, can occasionally stoop, kneel, crouch, and crawl, can occasionally climb stairs and ramps, can never climb ladders, ropes and scaffolds, can occasionally be exposed to vibrations, and can never be exposed to unprotected heights and moving machinery parts. [Plaintiff] requires a moderate noise work environment, as defined in the DOT and SCO, and can have occasional exposure to dust, noxious odors and fumes, poor ventilation, extreme cold, and extreme heat. [Plaintiff] requires a cane to ambulate and is able to understand and remember simple instructions, make simple work related decisions, and carry out simple instructions.

Tr. at 95-96 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "purchasing agent" and a "clergy member." Tr. at 100 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("43 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, Tr. at 100, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "table worker," "sorter," and "stuffer," Tr. at 101 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from July 15, 2017, through the date of th[e D]ecision." Tr. at 101 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues that when formulating the RFC, the ALJ erred in evaluating the various medical opinions regarding Plaintiff's limitations. Joint Memo at 22-32. There are three treating physicians' opinions at issue: 1) rheumatologist Luis Del Rosario, M.D.; 2) neurologist Gary Weiss, M.D.; and 3) orthopedic surgeon Anthony Lombardo, M.D. See id. at 22. In addition, there are two non-examining state agency physicians' opinions at issue: 1) Shakra Junejo, M.D.; and 2) Roland Gutierrez, M.D. See id. at 30.

Plaintiff contends the ALJ did not provide sufficient rationale for finding the opinions of Dr. Weiss and Dr. Lombardo to be unpersuasive (except for the ALJ accepting Dr. Weiss's opinion that Plaintiff requires a cane to walk for prolonged periods). Id. at 23-29; see Tr. at 100 (ALJ's findings). In finding Dr. Weiss's opinion unpersuasive, the ALJ in part contrasted the opinion with Dr. Del Rosario's opinion. See Tr. at 100. Plaintiff argues as to the non-examining opinions the ALJ found "generally persuasive," Tr. at 99, that the ALJ "did not consider how consistent their opinions were with the later opinions of Dr. Weiss and Dr. Lombardo—neither of which they had an opportunity to review," Joint Memo at 30.

Responding, Defendant asserts the ALJ appropriately evaluated the medical opinions in accordance with the revised SSA rules and Regulations. Id.

at 35-40. Further, Defendant contends the ALJ's analysis is supported by substantial evidence. Id.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [6] "Because section 404.1520c falls within the scope of the Commissioner's

---

[6] Plaintiff filed his DIB application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. June 27, 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[7]

---

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R.

(Continued…)

- 9 -

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, rheumatologist Dr. Del Rosario on May 28, 2019 opined as follows. Plaintiff has major disfunction of the knees characterized by the gross anatomical deformity of instability (confirmed by findings or appropriate medically acceptable imaging). Tr. at 568. Plaintiff has "bow legs" when walking. Tr. at 568. He does not have chronic joint pain or stiffness and does

---

§§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

not have any limitation of motion of the affected joints. Tr. at 568. Plaintiff can walk a block at a reasonable pace on rough or uneven surfaces; can use standard public transportation including climbing in/out of a bus and tolerating typical jostling on a bus; can carry out routine ambulatory activities including grocery and clothes shopping and banking; cannot climb several stairs at a reasonable pace with only the use of a single hand rail; and does not need an assistive device to ambulate. Tr. at 569.

Neurologist Dr. Weiss on May 31, 2019 opined as follows. Each workday, Plaintiff can sit a maximum of 15-30 minutes without interruption; he can stand and/or walk 5-10 minutes without interruption; he can sit a total of 4 hours; he can stand and/or walk a total of 2 hours. Tr. at 570. Plaintiff should lie down or recline to rest every 1-2 hours due to severe rheumatoid arthritis. Tr. at 570. Plaintiff's impairments interfere with his attention and concentration because of the chronic pain. Tr. at 571. Plaintiff has severe headaches associated with an impairment of the cervical spine occurring 1-2 times per month for 1-2 hours at a time. Tr. at 571. Plaintiff's impairments are likely to produce "good days" and "bad days." Tr. at 571. Plaintiff can lift and/or carry 5-10 pounds for 1/3 of a workday but should never climb, stoop, crouch, kneel, or crawl. Tr. at 572. Plaintiff is limited in the abilities to reach above his head (10 percent limitation) and push/pull with his hands (10 percent limitation) but not in fine finger manipulation or feeling with his hands. Tr. at

572. Plaintiff cannot repetitively use his hands or feet to operate foot controls. Tr. at 572. Plaintiff has environmental restrictions involving unprotected heights, moving machinery, temperature extremes, chemical/dust/fumes, humidity/dampness, excessive noise, and vibration. Tr. at 572. Plaintiff's prescription medications cause memory difficulty and fatigue. Tr. at 573. Plaintiff's objective medical condition can be reasonably expected to produce the subjective symptoms of the nature and severity alleged by Plaintiff. Tr. at 573. Plaintiff cannot tolerate stress due to "PTSD as well as depression and anxiety." Tr. at 573. There is no evidence of malingering or symptom exaggeration. Tr. at 573.

Orthopedic surgeon Dr. Lombardo opined on February 14, 2020 as follows. Per 8-hour workday, Plaintiff can stand or walk for 1 hour, sit for 3-4 hours, and lie down or recline to rest (if necessary) for 3-4 hours. Tr. at 621. There should be "[n]o prolonged standing or walking." Tr. at 621. Plaintiff can stand and/or walk for 5-10 minutes at a time without interruption. Tr. at 621. Plaintiff should use an assistive device for standing or walking (namely a brace). Tr. at 621. Plaintiff can sit for a maximum of 10-20 minutes without interruption. Tr. at 621. Plaintiff can lift and/or carry 5 pounds maximum. Tr. at 621. Plaintiff's chronic pain in both knees affects his ability to concentrate or focus but he can consistently maintain attention for a 2-hour segment. Tr. at 622. Plaintiff is likely to be "off task" 25 percent or more of the time. Tr. at 622.

Plaintiff "has severe OA in both [knees] as well as [r]heumatoid arthritis which affects every joint." Tr. at 622.

Non-examining physician Dr. Junejo opined on June 13, 2018 as follows. Plaintiff can lift and/or carry 20 pounds occasionally and 10 pounds frequently. Tr. at 64. Plaintiff can stand and/or walk 2 hours per 8-hour workday and sit about 6 hours. Tr. at 64. Plaintiff is unlimited in pushing and pulling. Tr. at 64. Plaintiff can occasionally climb ramps/stairs; can never climb ladders/ropes/scaffolds; can frequently balance and stoop; and can occasionally kneel, crouch, and crawl. Tr. at 64. Plaintiff can have unlimited exposure to extreme cold and heat, wetness, humidity, noise, and vibration, but should avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation, etc., and should avoid even moderate exposure to hazards (machinery, heights, etc.). Tr. at 65.

Non-examining physician Dr. Gutierrez on August 24, 2018 rendered an opinion agreeing with the limitations assigned by Dr. Junejo except assigning only occasional stooping and avoiding concentrated exposure to extreme cold. Tr. at 79-82.

In the Decision, the ALJ found Dr. Del Rosario's May 28, 2019 opinion to be "generally persuasive" because it was "consistent with Dr. Del Rosario's

clinical findings and observations during treatment for the period at issue."[8] Tr. at 99. The ALJ also found "generally persuasive" the opinions of non-examining physicians Dr. Junejo and Dr. Gutierrez because "they are generally consistent with and supported by the objective clinical and diagnostic findings are the time of their record review." Tr. at 99.

As to the opinion of Dr. Weiss, the ALJ found it "unpersuasive" because it was "inconsistent with his clinical findings during the period at issue and contradicted by Dr. Del Rosario's opinion." Tr. at 100 (citations omitted). And, as to Dr. Lombardo's opinion, the ALJ found it "unpersuasive" because it was "not consistent with the clinical findings of other medical providers, and not supported by the objective clinical findings." Tr. at 100 (citation omitted). The ALJ also found that because "the last time [Plaintiff] was examined by Dr. Lombardo was on October 13, 2015," it was "unreasonable to believe that Dr. Lombardo could provide such extreme limitations given the amount of time that passed between the last office visit and the date of [the] opinion." Tr. at 100.

---

[8] The ALJ made other findings specific to Plaintiff's use of an assistive device with respect to the opinions of Dr. Del Rosario and Dr. Weiss, but these findings are not specifically at issue because the ALJ ultimately considered Plaintiff to need "use of a cane" in the RFC. See Tr. at 99, 95-96. The only issue taken by Plaintiff with respect to the assistive device is that the ALJ essentially disregarded Dr. Del Rosario's opinion that Plaintiff did not need an assistive device while accepting other portions of the opinion; and conversely accepted Dr. Weiss's statement that Plaintiff does need an assistive device while finding unpersuasive the other portions of that opinion. See Joint Memo at 22-23.

The undersigned finds that the ALJ's discussion of the opinions of Dr. Weiss and Dr. Lombardo is too conclusory to allow for meaningful judicial review. The ALJ's evaluation of the opinions mainly boils down to the opinions being inconsistent with "clinical findings," Tr. at 100, but it is not immediately apparent from a review of the treatment records and clinical findings contained therein how they fail to support the opinions.

With respect to Dr. Weiss's opinion, the ALJ also relied on it being "contradicted by Dr. Del Rosario's opinion" without any explanation as to how. Tr. at 100. While it is readily apparent that Dr. Del Rosario generally was more conservative with his assigned limitations, it is not readily apparent how the opinions are contradictory because Dr. Weiss opined regarding all sorts of limitations that Dr. Del Rosario was not even asked about. Since the ALJ did not provide a discussion of the alleged contradiction, judicial review is again frustrated.

Finally, with respect to Dr. Lombardo's opinion, the ALJ also found it was "unreasonable" for him to assign such "extreme limitations given the amount of time that passed between the last office visit and the date of [the] opinion," Tr. at 100, but in making this finding, the ALJ did not recognize or address Plaintiff's testimony that Dr. Lombardo has advised him he will need to have a double knee replacement and "there's really no reason in [Plaintiff] seeing him anymore until we get the knees replaced." Tr. at 22. According to Plaintiff, Dr.

Lombardo has advised him to "wait[] a little while" on replacements because "the knees only last for so long." Tr. at 22. Without this reasoning being addressed by the ALJ, it is difficult to accept the ALJ's finding about the date of the opinion. Moreover, the ALJ did not otherwise address or explain how he evaluated one of the most important factors—consistency—with respect to the opinions of Dr. Weiss and Dr. Lombardo. See 20 C.F.R. § 404.1520c(b)(2).[9] The matter must be remanded for the ALJ to address these matters and reevaluate the medical opinion evidence.

## V.  Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the medical opinion evidence consistent with the applicable Regulations; and

(B) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

---

[9] As recognized above, the ALJ did summarily address the required consistency factor in finding Dr. Weiss's opinion to be contradicted by Dr. Del Rosario's opinion.

- 16 -

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on August 5, 2022.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record