# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

STEPHEN B. BOWEN,

        Plaintiff,

v.                                    Case No. 6:21-cv-201-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

## O R D E R

This cause is before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. No. 36; "Motion"), filed November 7, 2022.[1] In the Motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $5,123.80. Motion at 1; see also Invoice (Doc. No. 36-1); Plaintiff's Attorney's Affidavit Supporting Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 36-3; "Affidavit"). Defendant does not oppose the relief requested. See Defendant's Response to Plaintiff's Motion for Award of Attorney's Fees Pursuant to the

---

[1] The pages of the Motion and supporting documentation are unnumbered. Citations are to the pagination assigned by the Court's electronic filing system (CM/ECF).

Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 37), filed November 18, 2022.

According to the Motion and supporting documentation, Plaintiff's counsel expended a total of 23.97 hours in the representation of Plaintiff before the Court: 19.95 hours in 2021 and 4.02 hours in 2022. See Motion; Invoice. Plaintiff requests an hourly rate of $213 for hours expended in 2021 and $216 for hours expended in 2022. Motion at 1. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[2] Further, the number of hours expended is reasonable.

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his counsel. See Plaintiff's Affidavit and Assignment of

---

[2]   See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited December 21, 2022). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

EAJA Fee (Doc. No. 36-4). Regarding the assignment, Plaintiff represents the following:

> If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

Motion at 2.

Upon due consideration, it is

**ORDERED**:

1. Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. No. 36) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $5,117.67[3] pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on December 22, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

---

[3] The Court's calculation of the fees results in an approximate $6 difference than the requested amount of $5,123.80.

3

kaw
Copies to:
Counsel of Record

4